**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JOSEPH E. CONNER**                                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:08cv340 HTW-LRA**

**THE BURLINGTON NORTHERN**
**AND SANTA FE RAILWAY COMPANY;**
**UNION PACIFIC RAILROAD COMPANY; AND**
**ILLINOIS CENTRAL RAILROAD COMPANY**                        **DEFENDANTS**

<u>**FIRST AMENDED COMPLAINT**</u>

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Joseph E. Conner, and files this, his First Amended
Complaint, in this cause against Defendants, The Burlington Northern and Santa Fe
Railway Company, hereafter "BNSF"; Union Pacific Railroad Company, hereafter "Union
Pacific"; and adding as a Defendant in this cause, Illinois Central Railroad Company,
hereafter "Illinois Central".  Plaintiff is seeking monetary, declaratory, and injunctive relief.
As more specifically set forth below, Plaintiff has been subjected to unlawful and blatant
retaliation by the Defendants as a result of the Plaintiff's filing of a charge of race
discrimination and subsequent legal action against his former employer, Illinois Central
Railroad.  The actions of the Defendants described herein constitute violations of Title VII
of the Civil Rights Act of 1964, 42 U.S.C. § 1981, 42 U.S.C. § 1985, and Mississippi law.

<u>**THE PARTIES**</u>

1.      Plaintiff Joseph Conner is an adult male resident of Rankin County,
Mississippi residing at 917 Riverchase Drive, Brandon, Mississippi 39047.

2.      Defendant, BNSF, is a Mississippi corporation doing business in the State
of Mississippi and may be served with process through its registered agent, C.T.

Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.      Defendant, Union Pacific, is a foreign corporation, doing business in the State of Mississippi and may be served with process through its registered agent, CT Corporation System, Suite 500, 301 S. 13th Street, Lincoln, Nebraska, 68508.

4.      Defendant, Illinois Central, is a foreign corporation, doing business in the State of Mississippi and may be served with process through its registered agent, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## JURISDICTION

5.      This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, 42 U.S.C. §1985, and Mississippi law.

6.      This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

## STATEMENT OF FACTS

7.      Plaintiff was previously employed with Illinois Central Railroad.  Plaintiff began his employment with Illinois Central Railroad on or about September 28, 1998.

8.      On or about September 12, 2002, Plaintiff filed a charge of race discrimination against Illinois Central Railroad asserting that he was discriminated against and harassed because he was black.

9.      Mr. Conner's EEOC Investigation was concluded and the EEOC issued a Notice of Right to Sue.  Mr. Conner subsequently filed suit against Illinois Central Railroad on December 16, 2002 asserting claims of race discrimination pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*

10.     On February 16, 2006, the jury returned a verdict against Illinois Central Railroad and in favor of Joseph Conner.

11.     Plaintiff just wanted to continue to work for Illinois Central Railroad and provide for his family and did not complain about or raise the issue of retaliation.

12.     Plaintiff timely filed, on October 16, 2006, a charge of race discrimination and retaliation against Union Pacific, attached here to as *Exhibit A*, and has received a Notice of Right to Sue attached hereto as *Exhibit B*.

13.     Plaintiff timely filed, on December 5, 2006, a charge of retaliation against Illinois Central, attached hereto as *Exhibit C*, and has received a Notice of Right to Sue attached hereto as *Exhibit D*.

14.     Plaintiff timely filed, on March 19, 2007, a charge of race discrimination and retaliation against BNSF, attached hereto as *Exhibit E*, and has received a Notice of Right to Sue attached hereto as *Exhibit F*.

15.     Defendants BNSF and Union Pacific each have very close ties with Illinois Central Railroad.

16.     Plaintiff has submitted approximately ten (10) applications for various positions of employment with BNSF, all positions for which Plaintiff is more than minimally qualified, and has not yet received an interview or been considered for a position. The sole reason for BNSF's refusal to hire the Plaintiff is his previous filing of an EEOC charge of discrimination and a subsequent lawsuit against Illinois Central Railroad.

17.     Plaintiff has submitted approximately twenty-three (23) applications for various positions of employment with Union Pacific and has not yet received an interview or been considered for a position. The sole reason for Union Pacific's refusal to hire the

3

Plaintiff is his previous filing of an EEOC charge of discrimination and subsequent lawsuit, which he won, against Illinois Central Railroad.

## CAUSES OF ACTION

### COUNT I

### RETALIATION

18.    Plaintiff re-alleges and incorporates all averments set forth in Paragraphs 1 through 17  above as if fully incorporated herein.

19.    Defendants have unlawfully retaliated against Plaintiff, in violation of  Title VII of the Civil Rights Act of 1964, for previously filing an EEOC charge of discrimination and a subsequent lawsuit against Plaintiff's former employer.

### COUNT  II

### VIOLATION OF 42 U.S.C. § 1985 -

### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

20.    Plaintiff re-alleges and incorporates all averments set forth in Paragraphs 1 through 19 above as if fully incorporated herein.

21.    By their actions, Defendants have unlawfully conspired together and acted in concert with each other to deliberately deprive the Plaintiff of protection from retaliation as provided under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1985.

### COUNT III

### INTENTIONAL AND/OR NEGLIGENT

### INFLICTION OF EMOTIONAL DISTRESS

22.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 21 above as if fully incorporated herein.

23.     By their actions, Defendants have individually and by conspiring and acting in concert with one another intentionally and/or negligently inflicted emotional distress upon Plaintiffs.   Defendants' actions have been such as to evoke outrage and revulsion. Defendants' behavior has been malicious, willful, wanton, grossly careless, indifferent, or reckless.

24.     The effect of these actions on Plaintiff was reasonably foreseeable.

25.     Plaintiff has suffered injury as a result of the Defendants' actions.

## COUNT V

## TORT OF OUTRAGE

26.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 25 above as if fully incorporated herein.

27.     The aforementioned conduct committed and continuing to be committed by the Defendants, individually and in concert with one another, is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency.  Moreover, said conduct is to be regarded as atrocious and utterly intolerable in a civilized community.

28.     As a direct and proximate result of the Defendants' outrageous conduct, the Plaintiff suffered and continues to suffer serious damages and injuries.  The Plaintiff is entitled to an award of compensatory and punitive or exemplary damages against the Defendants in an amount to be established at trial.

## COUNT VI

## PUNITIVE DAMAGES

29.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 28 above as if fully incorporated herein.

5

30.     Plaintiff is entitled to punitive damages against Defendants as a result of Defendants' intentional acts and as a result of their extreme and outrageous conduct. Alternatively, Plaintiff is entitled to damages because Defendants' unlawful acts against Plaintiff were committed maliciously and/or in reckless disregard of Plaintiff's rights.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1.     Reinstatement or promotion or front pay in lieu of reinstatement or promotion, back pay, lost benefits, and other pecuniary losses proximately caused by Defendants' unlawful conduct;

2.     Compensatory damages against Defendants in an amount to be determined by the jury;

3.     Interest;

4.     Punitive damages against Defendants in an amount to be determined by the jury;

5.     All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to Title VII, 42 U.S.C. § 1985 and Mississippi law; and

6.     Such further relief as is deemed just and proper.

THIS the 1st day of July, 2008.

Respectfully submitted,

JOSEPH E. CONNER, PLAINTIFF


By: s/ Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Nick Norris (MB# 101574)
    Attorneys for Plaintiff


OF COUNSEL:

LOUIS H. WATSON, JR., P.A.
520 East Capitol Street
Jackson, Mississippi 39201
(601) 968-0000
Fax: (601) 968-0010