# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

JOSEPH E. CONNER                                                        PLAINTIFF

V.                                CIVIL ACTION NO. 3:08-cv-340 HTW-LRA

THE BURLINGTON NORTHERN
AND SANTA FE RAILWAY COMPANY;
UNION PACIFIC RAILROAD COMPANY;
AND ILLINOIS CENTRAL RAILROAD
COMPANY                                                        DEFENDANTS

## ORDER GRANTING SUMMARY JUDGMENT

Before the court is a motion for summary judgment[1] [docket no. 71] brought by the only remaining defendant in this matter, Illinois Central Railroad Company. The sole claim before the court is that of retaliation. Plaintiff Joseph Conner alleges in his complaint that Illinois Central did not select him for two positions in retaliation against him for his previously filing in 2002 a charge of discrimination before the Equal Employment Opportunity Commission (EEOC), and subsequently, that same year, filing a lawsuit against Illinois Central.

---

[1] Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

## I. Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. Rule 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

## II. Retaliation

To establish a prima facie case of retaliation under Title VII, an employee must show: (1) that he engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action. *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 754 (5th Cir. 2005). When a plaintiff presents no direct evidence of retaliation, he bears the initial burden of establishing a causal link through circumstantial evidence of a retaliatory motive. *Stingley v. Den-Mar Inc.*, No. 08-11060, 2009 U.S. App. LEXIS 19785 at 14 (5th Cir. Sept. 1, 2009) (citing *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 n.6 (5th Cir. 2003)). Once the plaintiff makes a prima facie case, he creates a presumption of retaliation, and the burden shifts to the employer to demonstrate a legitimate reason for the adverse employment action. *Id.* If the employer produces evidence of a legitimate reason for the action, the burden shifts again to the plaintiff to rebut the employer's non-retaliatory rationale. *Id.*

## III. Causal Link

Defendant Illinois Central Railroad Company asserts that plaintiff has no proof of

a causal link between the alleged adverse action of non-selection to two positions and his protected actions, namely a discrimination charge before the EEOC and his subsequent lawsuit.

Conner makes two arguments as to causation. First, Conner contends that the persons who reviewed his application knew that he had filed a lawsuit against Illinois Central and decided not to select him on that basis. Conner bases this argument only on his own speculation, having submitted no depositions, affidavits or other appropriate evidence under Rule 56 of the Federal Rules of Civil Procedure to support this allegation. Accordingly, the court must reject this argument.

Conner also argues that the temporal proximity between this court's June, 2006, award of costs against Illinois Central in favor of Conner is close enough in time to Conner's August, 2006, application to establish causation. "Although temporal proximity can establish a prima facie case of retaliation, it cannot--standing alone--rebut an employer's legitimate, nondiscriminatory reason for the employment action." *Stingley v. Den-Mar Inc.*, 2009 U.S. App. LEXIS 19785 at 15 (5th Cir. Sept. 1, 2009) (citing *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007)). It is debatable whether the June 2006 award of costs constitutes a pertinent point for calculating temporal proximity when the Fifth Circuit has stated that "the complaint appears to be the relevant starting point" for calculating temporal proximity. *Mitchell v. Snow,* 326 Fed. Appx. 852, 856 n.6 (5th Cir. 2009) (citing *Strong*, 482 F.3d at 807). Conner filed a complaint against Illinois Central in 2002, four years before the adverse action. This delay is too long to establish a prima facie case of retaliation. *See Mitchell*

*v. Snow*, 326 Fed. Appx. 852, 856 (5th Cir. 2009) (a nineteen-month delay between the filing of an EEO complaint and the adverse action is "far too distant to establish a prima facie case").

### IV. Legitimate Non-Discriminatory Reason

Further, even if the temporal proximity is enough to create a prima facie case, Conner has failed to rebut Illinois Central's legitimate reason for its refusing to select Conner. Illinois Central has submitted the deposition of the decision-maker who testified that she did not know about Conner's lawsuit against Illinois Central and that she did not select Conner because of his previous negative employment record with Illinois Central. She discovered that Conner earlier had been suspended and discharged for disciplinary reasons. Thus, the only evidence before the court is that Illinois Central had a legitimate, nondiscriminatory reason for not favoring Conner's application. Conner has failed to submit any evidence that would permit the court to find that Illinois Central's reason is a pretext for retaliation. His speculative belief and proximity argument are simply not enough.

### V. Conclusion

For the foregoing reasons, the court grants defendant Illinois Central's motion for summary judgment [docket no. 71]. This action is dismissed with prejudice.

**SO ORDERED** this the 25th day of February, 2010.

                                            **s/ HENRY T. WINGATE**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**

Civil Action No. 3:08-cv-340 HTW-LRA
Order Granting Motion for Summary Judgment