**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JOSEPH E. CONNER                                                                         PLAINTIFF

vs.                                                              Civil Action No. 3:08-cv-340 HTW-LRA

THE BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY;  UNION PACIFIC RAILROAD
COMPANY;  and ILLINOIS CENTRAL RAILROAD
COMPANY                                                                                  DEFENDANTS


## ORDER

Defendant filed a Motion for Summary Judgment on July 24, 2009 [docket # 71], which was granted by this court on February 26, 2010.  Final Judgment for the defendant was entered on that same day [docket # 88].  Federal law permits this court to tax the losing party certain costs to be awarded to the prevailing party, Title 28 U.S.C. § 1920.

Defendant filed its Bill of Costs and Motion for Taxation of Costs on March 26, 2010, seeking $7,443.46 in costs [docket # 90 and # 91].  As part of the Bill of Costs, defendant sought to recover printing, copying, legal research and postage fees necessarily obtained, says defendant, for use in this case.

On March 31, 2010, the Clerk of Court for the United States District Court for the Southern District of Mississippi taxed costs in the amount of $7,443.46 and included it in the judgment [docket # 93].

On April 6, 2010, plaintiff filed his motion asking the court to set aside defendant's Bill of Costs [docket # 94].

**Printing and Photocopying Expenses**

Plaintiff objects to the $660.39 that defendant seeks to recover for printing/copying costs. (*See* Pl.'s Motion to Set Aside Def.'s Bill of Costs ¶2). This court is not persuaded by plaintiff's objection. Defendant has satisfactorily explained these costs.

**Legal Research Costs**

Next, plaintiff objects to the $3,634.00 defendant seeks to recover for necessary legal research. Defendant included these costs in its Bill of Costs as the costs for computer-based research, supposedly necessarily obtained for use in dispositive motion practice in this case. (*See* Exhibit B to Def.'s Mot. For Taxation of Costs, Docket # 90, # 90-2). *See Wehr v. Burroughs Corp.,* 619 F.2d 276, 285 (3rd Cir. 1980) (allowing recovery of computer-aided legal research costs, in part, because "[u]se of computer-aided legal research such as LEXIS, or WESTLAW, or similar systems, is certainly reasonable, if not essential, in contemporary legal practice."). The Supreme Court has ruled that, "absent explicit statutory or contractual authorization", only items enumerated in Title 28 U.S.C. § 1920 may be taxed as costs. Crawford Fitting Co. v. J.T. Gibbons, 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Accordingly, many courts have denied costs for computer-aided or electronic research because these are not listed under the statute. This cost is denied.

**Postage and Other Mail Services**

Finally, plaintiff objects to the $11.56 that defendant seeks to recover for postage costs and the $108.31 that defendant seeks to recover for express mail services. This

court agrees that these were necessarily incurred for use in this case for service and filing purposes.  (*See* Exhibits E and F to Def.'s Mot. for Taxation of Costs, docket # 90, # 90-2).  *See Hansen v. Bradley*, 114 F.Supp. 382, 384 (D. Md. 1953) (permitting recovery of postage fee for registered mail in connection with constructive service on a defendant by service of summons on the Secretary of State of Maryland); *Hancock v. Albee*, 11 F.R.D. 139, 141 (D. Conn. 1951) (allowing recovery of postage fee in connection with the taking of a deposition).  The Clerk of Court properly taxed those costs and included them in the judgment.

Accordingly, this court approves $3809.46 as costs.  Both motions, defendant's motion for taxation of costs [docket # 90] and plaintiff's motion to set aside defendant's bill of costs [docket # 94] are granted in part and denied in part.

**SO ORDERED, this the 6th day of June, 2011.**

                                          **s/ HENRY T. WINGATE**
                                          **UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:08-cv-340 HTW-LRA
Order

3